**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 96-40020
Summary Calendar
_____

KURT WAYNE LOPER,

Plaintiff-Appellant,

VERSUS

JOHN UNIDENTIFIED, Et Al.

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Eastern District of Texas
(6:95-CV-440)
_____

August 6, 1996

Before DAVIS, BARKSDALE, and JONES, Circuit Judges.

PER CURIAM:[*]

Kurt Wayne Loper, a prisoner of the State of Texas who is proceeding pro se and in forma pauperis, appeals the magistrate judge's dismissal of his complaint as frivolous. See 28 U.S.C. § 1915(d). Loper alleges that Texas prison officials violated his Eighth Amendment rights by forcing him to clean prison cells under conditions which may have risked his exposure to the AIDS virus. He also contends that officials retaliated against him for filing grievances related to these clean-up duties and that he did not

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

consent to proceed before the magistrate.  We affirm.

This Court reviews § 1915(d) dismissals for abuse of discretion.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992).  A complaint is factually frivolous if its allegations are "clearly baseless . . . fanciful, fantastic, and delusional."  <u>Moore v. Mabus</u>, 976 F.2d 268, 270 (5th Cir. 1992).  A legally frivolous suit, on the other hand, lacks an arguable basis in the law.  <u>E.g.</u>, <u>Parker v. Fort Worth Police Dept.</u>, 980 F.2d 1023, 1024 (5th Cir. 1993).  Loper's claim suffers from the latter malady.

Prison officials violate the Eighth Amendment when they show deliberate indifference to conditions that may cause inmates serious health problems in the future.  <u>See</u> <u>Helling v. McKinney</u>, 509 U.S. 25 (1993) (environmental tobacco smoke); <u>Gomez v. Warner</u>, No. 94-60530, slip op. at 6 (5th Cir. October 20, 1994)(HIV infection).  A prison official is not deliberately indifferent unless he has subjective knowledge of a substantial risk to inmate health or safety and chooses to disregard that risk.  <u>Farmer v. Brennan</u>, ___ U.S. ___, 114 S. Ct. 1970, 1979, 128 L. Ed. 2d 811, 825 (1994).  Officials who take significant steps to protect prisoners from such risks are not liable, even when they do not succeed in preventing the harm.  <u>Id.</u> at 1982-83.

Loper complains that prison officials forced him to clean massive amounts of blood from two cells in which prisoners had attempted or committed suicide.  The appellant's testimony at the

2

Spears[1] hearing, however, demonstrates that officials were not deliberately indifferent to the possibility that he might contract HIV. The first time officials assigned Loper this task a prison nurse supervised him. She provided him with latex gloves and a medical apron and advised him to treat all blood as contaminated. The nurse also instructed Loper to change his gloves immediately if they broke and to avoid getting blood in his eyes and mouth. On the second occasion, officials gave Loper two kits which included spill clean-up instructions, latex gloves, goggles, and a face mask. Prison officials, therefore, recognized that the blood might pose a danger and took significant steps to avoid any risk of infection. The magistrate judge did not abuse her discretion in dismissing Loper's claim. Under Farmer v. Brennan, it lacks an arguable basis in the law.

Loper's remaining claims are equally meritless. The transcript of the Spears hearing belies Loper's assertion that he never consented to proceed before the magistrate. And his allegations of retaliation are conclusory. The magistrate properly dismissed this claim as frivolous.

We therefore affirm the dismissal of the appellant's claims.

AFFIRMED.

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).